THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| THOMAS RAY GURULE,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING § 2255 MOTION**<br><br>Case No. 2:21-cv-00344-DN<br>(Criminal No. 2:04-cr-209-PGC-1)<br><br>District Judge David Nuffer |

For the second time, Movant Thomas Ray Gurule seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Second § 2255 Motion").[1] He argues[2] that his sentence is unconstitutional in light of the Supreme Court's holding in *United States v. Davis*.[3] And he argues that his Second § 2255 Motion is timely because it was filed within one year of the newly recognized right in *Davis*.[4] However, *Davis* did not create a new right applicable to Mr. Gurule or his sentence. And in the absence of a new right applicable to Mr. Gurule or his sentence, his Second § 2255 Motion is untimely. Therefore, Mr. Gurule's Second § 2255 Motion[5] is DENIED and DISMISSED without prejudice.

---

[1] Motion for Authorization to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 by a Prisoner in Federal Custody ("Second § 2255 Motion"), docket no. 1, filed Nov. 27, 2019. Mr. Gurule's first attempt at obtaining relief under § 2255 was denied and dismissed without prejudice. Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("First § 2255 Motion"), docket no. 1 in *Gurule v. United States*, 2:16-cv-00625-DN (D. Utah) ("First § 2255 Case"), filed June 10, 2016; Judgment in a Civil Case, docket no. 11 in First § 2255 Case, filed July 10, 2018.

[2] Second § 2255 Motion at 8, 15-18.

[3] 139 S. Ct. 2319 (2019).

[4] Second § 2255 Motion at 19. This case was opened on June 2, 2021. However, in authorizing the filing of Mr. Gurule's Second § 2255 Motion, the Tenth Circuit Court of Appeals directed that its filing date be entered as of the date Mr. Gurule sought authorization for the filing, November 27, 2019. Order ("Authorization Order"), docket no. 73 in *United States v. Gurule*, 2:04-cr-00209-DN (D. Utah) ("Criminal Case"), filed July 30, 2020.

[5] Docket no. 1, filed Nov. 27, 2019.

## BACKGROUND

On April 7, 2004, Mr. Gurule was indicted on one count of carjacking under 18 U.S.C. § 2119.[6] Mr. Gurule pleaded not guilty and his case proceeded to trial.[7] On June 29, 2004, a jury returned a guilty verdict.[8] Mr. Gurule was then sentenced on December 17, 2004.[9] He received a mandatory life sentence under 18 U.S.C. § 3559(c)(1),[10] "also known as the federal 'three strikes' statute[.]"[11] The three strikes statute was made applicable to Mr. Gurule based on his two prior Utah state court convictions for robbery,[12] which were found to be "serious violent felon[ies.]"[13]

Mr. Gurule appealed his conviction and sentence,[14] and the Tenth Circuit Court of Appeals affirmed.[15] A final judgment of conviction was filed October 2, 2006.[16]

Subsequently, on June 10, 2016, Mr. Gurule filed his First § 2255 Motion. Mr. Gurule argued[17] that his right to due process was violated because he was sentenced under the residual clause of the three strikes statute's definition of "serious violent felony," which is

---

[6] Indictment, docket no. 1 in Criminal Case, filed April 7, 2004.

[7] Minutes of the United States District Court for the District of Utah, docket no. 6 in Criminal Case, filed Apr. 19, 2004; Minutes of the United States District Court for the District of Utah, docket no. 23 in Criminal Case, filed June 28, 2004.

[8] Verdict, docket no. 24 in Criminal Case, filed June 29, 2004.

[9] Thomas Ray Gurule Minutes of the United States District Court for the District of Utah, docket no. 46 in Criminal Case, filed Dec. 17, 2004.

[10] *Id.*; Judgment in a Criminal Case, docket no. 48 in Criminal Case, filed Dec. 17, 2004.

[11] *United States v. Contreras*, 689 Fed. App'x 886, 887 (10th Cir. 2017).

[12] *State of Utah v. Gurule*, No. 9194-3 (2d Jud. D. Crt. Weber Cty, UT 1969); *State of Utah v. Gurule*, No. CR-88-997 (3d Jud. D. Crt. Salt Lake Cty, UT 1988).

[13] *United States v. Gurule*, 461 F.3d 1238, 1240 (10th Cir. 2006).

[14] Notice of Appeal, docket no. 49 in Criminal Case, filed Dec. 22, 2004.

[15] *Gurule*, 461 F.3d at 1249.

[16] Judgment, docket no. 62 in Criminal Case, filed Oct. 2, 2006.

[17] Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255 Motion ("Memorandum in Support of First § 2255 Motion") at 9, docket no. 2 in First § 2255 Case, filed June 10, 2016.

unconstitutionally vague. His argument was based on the Supreme Court's opinion in *Johnson v. United States*,[18] which held that the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" was unconstitutionally vague. Mr. Gurule's First § 2255 Motion denied and dismissed as untimely because *Johnson*'s holding applies only to the ACCA.[19] It did not create a new right applicable to Mr. Gurule or his sentence under the three strikes statute.[20] Therefore, *Johnson* did not extend Mr. Gurule's one-year limitations period for seeking relief under § 2255.[21]

Mr. Gurule now brings his Second § 2255 Motion arguing again that his right to due process was violated because he was sentenced under the residual clause of the three strikes statute's definition of "serious violent felony," which is unconstitutionally vague.[22] The Tenth Circuit Court of Appeals has authorized the filing of Mr. Gurule's successive motion under § 2255.[23]

## DISCUSSION

For all motions brought under 28 U.S.C. § 2255, "[u]nless the motion and files and records of the case conclusively show that the [movant] is entitled to no relief," notice of the motion must be provided to the government and a hearing must be held.[24] However, "[i]f it plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior

---

[18] 576 U.S. 591 (2015).

[19] Memorandum Decision and Order Denying and Dismissing § 2255 Motion ("Order Dismissing First § 2255 Motion") at 5-6, docket no. 10 in First § 2255 Case, filed July 10, 2018; *United States v. Greer*, 881 F.3d 1241, 1248 (10th Cir. 2018).

[20] Order Denying First § 2255 Motion at 5-6.

[21] *Id*.; 28 U.S.C. § 2255(f)(1).

[22] Second § 2255 Motion at 8, 15-18.

[23] Authorization Order; 28 U.S.C. § 2255(h).

[24] 28 U.S.C. § 2255(b).

proceedings that the moving party is not entitled to relief, the [examining] judge must dismiss the motion and direct the clerk to notify the moving party."[25]

Under § 2255, a prisoner held in federal custody may move the district court to vacate, set aside, or correct the prisoner's sentence "upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . or is otherwise subject to collateral attack[.]"[26] But before the merits of a prisoner's claim may be addressed, the prisoner must show "satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act [("AEDPA")]."[27] "The first of these barriers is timeliness."[28]

"Pursuant to AEDPA, post-conviction motions for habeas relief filed under § 2255 must be brought within one year of the date on which 'the judgment of conviction becomes final' or 'the right asserted [by petitioner] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'"[29]

Mr. Gurule argues that his Second § 2255 Motion is timely because it was filed within one year of the newly recognized right in *United States v. Davis.*[30] In *Davis*, the Supreme Court held that imposing an increased sentence under 18 U.S.C. § 924(c)(3)(B) violates the Constitution's guarantee of due process.[31] This was because, like the similarly worded residual clause of the ACCA's definition of "violent felony," § 924(c)(3)(B)'s definition of "crime of

---

[25] Rules Governing Section 2255 Proceedings Rule 4(b).

[26] 28 U.S.C. § 2255(a).

[27] *Greer*, 881 F.3d at 1244.

[28] *Id.*

[29] *Id.* (quoting 28 U.S.C. § 2255(f)(1), (3)).

[30] Second § 2255 Motion at 19.

[31] *Davis,* 139 S. Ct. at 2336.

violence or drug trafficking crime" is unconstitutionally vague.[32] The Tenth Circuit Court of Appeals has since held that *Davis* "created a new substantive rule that is retroactively applicable on collateral review" under § 2255.[33]

Mr. Gurule argues that by invalidating § 924(c)(3)(B)'s definition of "crime of violence or drug trafficking crime," *Davis* renders the residual clause of the three strikes statute's definition of "serios violent felony" unconstitutionally vague because the statutes are identically worded.[34] This is precisely the same argument Mr. Gurule made in his First § 2255 Motion regarding the Supreme Court's holding in *Johnson*,[35] which was rejected.[36] And the analysis that led to the denial and dismissal of Mr. Gurule's First § 2255 Motion applies to his Second § 2255 Motion.

In *United States v. Greer,* the Tenth Circuit Court of Appeals held that "the only right recognized by the Supreme Court in *Johnson* was a defendant's right not to have [a] sentence increased under the residual clause of the ACCA."[37] Prisoners sentenced under other similarly worded statutes, though "present[ing] a compelling argument for finding the [statutes] unconstitutional," do not fall within the new right recognized in *Johnson.*[38] For such prisoners "attempting to apply the *reasoning* of *Johnson* in a different context not considered by the [Supreme] Court . . . relief is not available on [§ 2255] collateral review."[39] This is because

---

[32] *Id.* at 2325-26, 2336. The Supreme Court has also held that the similarly worded residual clause of 18 U.S.C. § 16's definition of "crime of violence" is unconstitutionally vague. *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

[33] *United States v. Bowen*, 936 F.3d 1091, 1095 (10th Cir. 2019).

[34] Second § 2255 Motion at 15-18.

[35] Memorandum in Support of First § 2255 Motion at 8-9.

[36] Order Denying First § 2255 Motion at 5-6.

[37] *Greer*, 881 F.3d at 1248.

[38] *Id.* at 1247.

[39] *Id.* at 1248 (emphasis in original).

"[o]nly the Supreme Court can recognize a new constitutional right."[40] Circuit Courts of Appeals "can apply the *reasoning* of *Johnson* to support a finding that the residual clause of similarly worded statutes are unconstitutionally vague on direct appeal."[41] But the "AEDPA limits federal habeas relief [under § 2255] to new constitutional rights recognized by the *Supreme Court*."[42]

The Tenth Circuit's rationale in *Greer* is applicable to Mr. Gurule's Second § 2255 Motion. *Davis* struck down only § 924(c)(3)(B)'s definition of "crime of violence or drug trafficking crime."[43] As such, the only right recognized by the Supreme Court in *Davis* was a defendant's right not to have a sentence increased under § 924(c)(3)(B).[44] Mr. Gurule was sentenced under the three strikes statute (18 U.S.C. § 3559(c)(1)), not § 924(c)(3)(B). Therefore, *Davis* is inapplicable to Mr. Gurule and his sentence, and cannot be used to extend § 2255's one-year limitations period.[45]

Because the Supreme Court has not recognized a new right applicable to Mr. Gurule or his sentence, the limitations period for his Second § 2255 Motion accrued one year after the date his judgment of conviction became final,[46] October 3, 2007.[47] Therefore, Mr. Gurule's filing of his Second § 2255 Motion on November 21, 2019, was untimely.

---

[40] *Id.* at 1247 (citing *Dodd v. United States*, 545 U.S. 353, 357-59 (2005)).

[41] *Id*. (emphasis in original).

[42] *Id.* (emphasis in original).

[43] *Davis*, 139 S. Ct. at 2336.

[44] Other district courts within the Tenth Circuit have made similar determinations. *United States v. Bell*, No. 20-CV-00343-GKF-JFJ, 2021 WL 1937309, *7-8 (N.D. Okla. May 13, 2021); *United States v. Coplen*, No. CIV-20-681-C, 2021 WL 1097328, 2-3 (W.D. Okla. Mar. 22, 2021); *Mackovich v. United States*, No. CV 20-1081 JAP/JFR, 2020 WL 6484998, *6 (D. N.M. Nov. 4, 2020). These authorities are persuasive.

[45] 28 U.S.C. § 2255(f).

[46] *Id*. § 2255(f)(1).

[47] Judgment.

## ORDER

IT IS HEREBY ORDERED that Mr. Gurule's Second § 2255 Motion[48] is DENIED and DISMISSED without prejudice. This dismissal does not preclude Mr. Gurule from seeking future relief under § 2255 upon the Supreme Court's recognition of a new right that is applicable to him or his sentence[49] and the Tenth Circuit Court of Appeals authorizing the filing of a successive § 2255 motion.[50]

IT IS FURTHER ORDERED that, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, Mr. Gurule is DENIED a certificate of appealability.

Signed November 18, 2021.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[48] Docket no. 1, filed Nov. 27, 2019.

[49] 28 U.S.C. § 2255(f)(3).

[50] *Id*. § 2255(h).