THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| THOMAS RAY GURULE,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING § 2255 MOTION**<br><br>Case No. 2:21-cv-00344-DN<br>(Criminal No. 2:04-cr-00209-DN-1)<br><br>District Judge David Nuffer |

    Movant Thomas Ray Gurule filed a motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255 Motion").[1] This is Mr. Gurule's second attempt to obtain relief from his sentence under § 2255.[2] He argues[3] that his sentence is unconstitutional in light of the Supreme Court's holding in *United States v. Davis*.[4] Mr. Gurule's § 2255 Motion was initially denied and dismissed without prejudice for being untimely.[5] However, the Tenth Circuit Court of Appeals reversed that determination after the government changed its position regarding timeliness and conceded that remand was appropriate.[6]

---

[1] Motion for Authorization to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 by a Prisoner in Federal Custody ("Second § 2255 Motion"), docket no. 1, filed Nov. 27, 2019.

[2] Mr. Gurule's first attempt at obtaining relief under § 2255 was denied and dismissed without prejudice. Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("First § 2255 Motion"), docket no. 1 in *Gurule v. United States*, 2:16-cv-00625-DN (D. Utah) ("First § 2255 Case"), filed June 10, 2016; Judgment in a Civil Case, docket no. 11 in First § 2255 Case, filed July 10, 2018.

[3] § 2255 Motion at 8, 15-18.

[4] 139 S. Ct. 2319 (2019).

[5] Memorandum Decision and Order Denying and Dismissing § 2255 Motion, docket no. 14, filed Nov. 18, 2021; Judgment in a Civil Case, docket no. 15, filed Nov. 18, 2021.

[6] Order and Judgment, docket no. 22, filed May 11, 2023.

Following the remand, a briefing schedule on the § 2255 Motion was set.[7] And on October 31, 2023, Mr. Gurule filed his initial brief supplementing his § 2255 Motion.[8]

Mr. Gurule concedes in his brief that after reviewing the record of his conviction and sentence, he was not subject to any *Davis* error.[9] This is because the clear record demonstrates that the prior convictions on which Mr. Gurule's sentence relied were applied under the enumerated offenses clause of 18 U.S.C. § 3559, and not § 3559's residual clause.[10] Therefore, Mr. Gurule conceded that he is not entitled to relief under § 2255 and requested that his § 2255 Motion be denied.

Based on Mr. Gurule's concession that clear record demonstrates that he is not entitled to relief under § 2255, Mr. Gurule's § 2255 Motion[11] is DENIED and DISMISSED with prejudice.

## ORDER

IT IS HEREBY ORDERED that Mr. Gurule's § 2255 Motion[12] is DENIED and DISMISSED with prejudice. This dismissal does not preclude Mr. Gurule from seeking future relief under § 2255 upon the Supreme Court's recognition of a new right that is applicable to him or his sentence[13] and the Tenth Circuit Court of Appeals authorizing the filing of a successive § 2255 motion.[14]

---

[7] Scheduling Order, docket no. 25, filed May 26, 2023. Mr. Gurule was granted four extensions of time to file his initial brief supplementing his § 2255 Motion. Docket Text Order, docket no. 28, filed July 6, 2023; Docket Text Order, docket no. 30, filed Aug. 21, 2023; Docket Text Order, docket no. 32, filed Aug. 29, 2023; Docket Text Order, docket no. 34, filed Oct. 2, 2023.

[8] Supplemental Memorandum Regarding Motion to Vacate Under § 2255, docket no. 35, filed Oct. 31, 2023.

[9] *Id.* at 1.

[10] *Id.* at 1-3.

[11] Docket no. 1, filed Nov. 27, 2019.

[12] Docket no. 1, filed Nov. 27, 2019.

[13] 28 U.S.C. § 2255(f)(3).

[14] *Id.* § 2255(h).

IT IS FURTHER ORDERED that, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, Mr. Gurule is DENIED a certificate of appealability.

The Clerk is directed to close the case.

Signed November 2, 2023.

BY THE COURT

David Nuffer
United States District Judge